UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LYSSETTE MILAGROS SANTIAGO-ORTIZ,

    Plaintiff,

v.

PUBLIC BROADCASTING SERVICE, et al.,

    Defendants.

Civil No. 12-1964 (JAF)

**O R D E R**

On November 28, 2012, Lyssette Milagros Santiago-Ortiz filed a complaint against Public Broadcasting Service ("PBS"), the Puerto Rico Corporation for Public Broadcasting ("PRCPB"), and their employees and insurer, alleging a hostile work environment and wrongful termination and discrimination on account of her age, gender, and alleged disability, in violation of both federal and Puerto Rico law.  On January 11, 2013, PRCPB moved to dismiss the summons served on grounds that it was sent through certified mail, instead of being personally served. On February 6, 2013, Santiago-Ortiz filed a Motion for the issuance of new summons and requested sixty additional days to perfect service.  (Docket No. 6.)  We granted Santiago-Ortiz's motion and extended the time to perfect service until March 28, 2013.  (Docket No. 8.)  On March 7, 2013, the summons we issued against PBS on February 13, 2012, was improperly served on March 7, 2013, at the facilities of the PRCPB.  On March 27, 2013, PRCPB filed a motion to quash summons and dismiss the complaint filed against PBS, asserting

insufficiency of service of process under Rule 12(b)(5).  (Docket No. 12.)  The motion remains unopposed.  We quash the summons and dismiss the complaint as to PBS.

Fed.R.Civ.P. 12(b)(5) provides for dismissal of a complaint due to insufficiency of service.  A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed."  Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R.2006); see also Molinelli–Freytes v. Univ. of P.R., 727 F.Supp.2d 60 (D.P.R.2010).  Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.2010).  The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service.  Ramirez de Arellano, 236 F.R.D. at 85.

Generally, if the first service of process is ineffective, and the defects are curable, we treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service.  Ramirez de Arellano, 236 F.R.D. at 85 n. 4.  However, district courts possess broad discretion to dismiss the action, or retain the case and quash the service made on the defendant.  Id.

Here, after multiple opportunities, Santiago-Ortiz failed to fulfill the requirements of Fed.R.Civ.P. 4(h)(1)(A)(B) (service is complete by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process).  Rule 4 addresses the delivery or the lack of delivery of the summons and the complaint.  Id. Insufficient service of process includes, among others, service upon an improper person (see Olson v. Federal Election Comm'n, 256 F.R.D. 8, 10 (D.D.C. 2009)), or if delivery is either never

accomplished or not accomplished within 120 days after commencement (see Rzayeva v. U.S., 492 F. Supp. 2d 60, 74-75(D.Conn. 2007)).  In addition to incorrectly identifying PBS as a division of PRCPB in her complaint, Santiago-Ortiz delivered the summons for PBS, incorporated under the laws of the District of Columbia, to the office of PRCPB—a separate corporate entity, created as an instrumentality of the government of the Commonwealth of Puerto Rico.  Although PBS supports member stations and affiliates with, among other things, marketing promotions and fundraising, PBS is not affiliated with the management or personnel decisions of PRCPB.  (Docket No. 12 at 3-4.)

For the foregoing reasons, we hereby **GRANT** codefendant PRCPB's motion to quash summons and we dismiss the complaint as to PBS without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of May, 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE