UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LYSSETTE MILAGROS SANTIAGO-ORTIZ,

Plaintiff,

v.

PUBLIC BROADCASTING SERVICE, et. al.,

Defendants.

Civil No. 12-1964 (JAF)

## **OPINION AND ORDER**

We must decide whether to dismiss an employee's Title VII, section 1983, and related Commonwealth law claims against her former supervisor.

### I.

### **Background**

Lissette Milagros Santiago-Ortiz sued several defendants connected to her former employer because she says they discriminated against her on the basis of her age, seniority status, gender and medical condition in violation of Title VII, 42 U.S.C. 1983 and Commonwealth law statutes. She claims the discrimination resulted in her illegal firing. Among the original defendants was Michelle De la Cruz, one of Santiago-Ortiz's colleagues (supervisors) at the time of the alleged discrimination. Michelle De la Cruz moves to dismiss the complaint against her, (Docket No. 36), and we grant the motion.

### II.

### **Legal Standard**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff.  San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

### III.
### Discussion

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b). First Circuit precedent is clear, however, that employees cannot be held liable as individuals under Title VII.  Fantini v. Salem State College, 557 F.3d 22, 30 (1st Cir. 2009) ("There is no individual employee liability under Title VII."); seealso Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir.2007); Powell v. Yellow Book U.S.A., Inc., 445 F.3d 1074, 1079 (8th Cir.2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers...."); Williams v. Banning, 72 F.3d 552, 555 (7th Cir.1995) ("Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [Appellant] can state no set of facts which would enable her to recover under the statute."); Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir.1993) ("[It] is inconceivable that Congress intended to allow civil liability to run against individual employees."); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991) ("Individual capacity suits under Title VII are .... inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").  Therefore, we agree with Defendants' contention that Title VII offers no grounds for Santiago-Ortiz to bring suit against De La Cruz.

42 U.S.C. § 1983 creates a cause of action against those who, acting under color of state law, violate a plaintiff's Constitutional or federal rights. See 42 U.S.C. § 1983; Maine v. Thiboutot, 448 U.S. 1, 4(1980).

While Section 1983 does not specify a statute of limitations, the Supreme Court has instructed federal courts addressing Section 1983 personal injury claims to follow the statute of limitations of the state in which the challenged action occurred. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); see also Muñiz Cabrero v. Ruiz, 23 F. 3d 607, 610 (1st Cir. 1994). Here, the applicable rule can be found in Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5198, which provides a one-year prescriptive period for tort actions. See De León-Otero v. Ruber, 820 F. 2d 18, 19-20 (1st Cir. 1987). In Puerto Rico, Section 1983 claims are subject to a one-year statute of limitations. Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir.2008). The statute of limitations on such claims begins to run when the injury occurs, even if the plaintiff did not know of the discriminatory animus at that time. Marrero-Gutierrez v. Molina, 491 F.3d 1, 5-6 (1st Cir.2007).

Here, Santiago-Ortiz claims she suffered adverse employment actions until her employment was terminated on February 1, 2011. Under Section 1983 the commencement of accrual for Santiago-Ortiz to file a complaint began running on the date her employment was terminated. Santiago-Ortiz filed complaint on November 28, 2012—almost one year and ten months after her dismissal. Therefore, all Section 1983 claims against De La Cruz are time bared.

Santiago-Ortiz also alleges violations of rights afforded by the Puerto Rico Civil Code. (Docket No. 16 at 35.) Specifically, Santiago-Ortiz alleges a violation of Law 100, which prohibits discrimination in employment on the basis of age, social condition and gender. (Docket No. 1 at 14.)

We have discretion to decline supplemental jurisdiction over the remaining Commonwealth law claims since we have dismissed all of the claims against De la Cruz over which we have original jurisdiction. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal law claims are dismissed before trial…the state claims should be dismissed as well). In exercising our discretion under § 1367(c), we must

consider the issues of "judicial economy, convenience, fairness, and comity." <u>Che v. Massachusetts Bay Transp. Authority</u>, 342 F.3d 31, X (1st Cir. 2003). Having considered these factors, we decline to exercise supplemental jurisdiction over Plaintiffs' Commonwealth law claims. Therefore, we **DISMISS WITHOUT PREJUDICE** Santiago-Ortiz' remaining Commonwealth law claims.

## IV.
## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendant De La Cruz' motion to dismiss.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of July, 2013.

                                                              S/José Antonio Fusté
                                                              JOSE ANTONIO FUSTE
                                                              U. S. DISTRICT JUDGE