UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYSSETTE MILAGROS SANTIAGO-ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC BROADCASTING SERVICE, et. al.,<br><br>Defendants. | Civil No. 12-1964 (JAF) |

**OPINION AND ORDER**

We must decide whether to dismiss an employee's Title VII, Sections 1981 and 1983, and related Commonwealth law claims against her former employer.

**I.**

**Background**

Lissette Milagros Santiago-Ortiz sued several defendants connected to her former employer because she says they discriminated against her on the basis of her age, seniority status, gender, and medical condition in violation of Title VII, 42 U.S.C. §§ 1981 and 1983 and Commonwealth law statutes. She claims the discrimination resulted in her illegal firing**.** The Public Broadcasting Corporation of Puerto Rico ("PBS") moves to dismiss the complaint. (Docket Nos**.** 55**,** 56.)

## II.

## Legal Standard

**A. Fed.R.Civ.P. 12(b)(1)**

A defendant may move to dismiss an action against her under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). "When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citation omitted). Under Rule 12(b)(1), there are two types of attacks on jurisdiction: Facial and factual. See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). A facial attack alleges that a complaint insufficiently pleads subject-matter jurisdiction. Id. When reviewing a facial attack, a court takes allegations in the complaint as true, just as in a 12(b)(6) motion to dismiss. Id. A factual attack, by contrast, disputes facts alleged in a complaint that support subject-matter jurisdiction. Id. In that instance, there is no presumptive truthfulness. Id.

**B. Fed.R.Civ.P. 12(b)(6)**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

**III.**

**Discussion**

42 U.S.C. § 1983 creates a cause of action against those who, acting under color of state law, violate a plaintiff's Constitutional or federal rights. See 42 U.S.C. § 1983; Maine v. Thiboutot, 448 U.S. 1, 4 (1980).

While Section 1983 does not specify a statute of limitations, the Supreme Court has instructed federal courts addressing personal injury claims to follow the statute of limitations of the state in which the challenged action occurred. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (Civil rights statutes, i.e., §§ 1981, 1983, and 1985, borrow forum state's statute of limitations for personal injury claims.); see also Wilson v. Garcia, 471 U.S. 261, 276 (1985); Muñiz Cabrero v. Ruiz, 23 F. 3d 607, 610 (1st Cir. 1994). For the purposes of section 1983 analysis, the Commonwealth of Puerto Rico is treated as if it were a state. Redondo–Borges v. United States Dep't of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005). The applicable rule, then, can be found in Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5198, which provides a one-year prescriptive period for tort actions. See De León-Otero v. Ruber, 820 F. 2d 18, 19-20 (1st Cir. 1987). In Puerto Rico, Section 1983 claims are subject to a one-year statute of limitations. Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). The statute of limitations on such claims begins to run when the injury occurs, even if the plaintiff did not know of the discriminatory animus at that time. Marrero-Gutierrez v. Molina,491 F.3d 1, 5-6 (1st Cir. 2007).

Here, Santiago-Ortiz claims she suffered adverse employment actions until her employment was terminated on February 1, 2011. Under Section 1983, the commencement of accrual for Santiago-Ortiz to file a complaint began running on the date her employment was terminated. Santiago-Ortiz filed complaint on November 28, 2012—almost one year

and ten months after her dismissal. Therefore, the Santiago-Ortiz Section 1983 claims are time-barred.

Santiago-Ortiz advances a claim of retaliation based on sex or gender discrimination under 42 U.S.C. § 1981. Section 1981, however, does not encompass sex discrimination claims. See Butler v. Crittenden County, Ark., 708 F.3d 1044, 1051 (8th Cir. 2013); see also, e.g., Sagana v. Tenorio, 384 F.3d 731, 738 (9th Cir. 2004) (Section 1981's guarantee that "all persons" may enjoy the same rights that "white citizens" enjoy does not protect against discrimination on the basis of gender, religion, or political affiliation); Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427 (4th Cir. 2006). As such, Santiago-Ortiz failed to state a claim under Section 1981.

Under Title VII, a person seeking remedy from employment discrimination is required to file a charge with the EEOC within 180 or 300 days after the "alleged unlawful employment practice occurred." Johnson v. University of Puerto Rico, 714 F.3d 48, 53 (1st Cir. 2013) (citation omitted). Puerto Rico is a "deferral" jurisdiction; therefore, the administrative charge must be filed within 300 days of the alleged unlawful conduct. Id.

Contrary to PBS' assertion, Santiago-Ortiz filed charges with the EEOC within the prescribed 300-day period. (Docket Nos. 73, 74.) Santiago-Ortiz was terminated from her position on February 1, 2011. She filed a claim with the EEOC on November 17, 2011—or 289 days later. As such, Santiago-Ortiz's Title VII claims are not time-barred.

In the alternative, PBS argues that it is "an arm of the Commonwealth" and entitled to Eleventh Amendment immunity. (Docket No. 30 at 17–18.) We disagree.

The Eleventh Amendment of the United States Constitution bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. Quern v. Jordan, 440 U.S. 332, 337 (1979). Unless the state consents to be sued, the Eleventh Amendment proscribes suits against a state or one of its departments. Pennhurst State

School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Immunity extends to state agencies and their officials when the agency or institution is characterized as an arm or alter ego of the state or when it should be treated instead as a political subdivision of the state. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); see also Frensenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp., 322 F.3d 56, 63 (1st Cir. 2003) (twin goals of the Eleventh Amendment—protection of the state's treasury and of its dignitary interests—explicitly govern the arm-of-the-state analysis.). Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. Will v. Michigan Department of State Police, 491 U .S. 58, 71 (1989); Quern, 440 U.S. at 339–42. The Commonwealth of Puerto Rico enjoys the protection of the Eleventh Amendment. See Maysonet–Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir. 2003).

In a prior case, we denied immunity to WIPR, the television-media division of the Puerto Rico Corporation for Public Broadcasting. Pastrana-Torres v. Zabala Carrion, 376 F.Supp.2d 209 (D.P.R. 2005). There, we found that, despite significant financial support from the Commonwealth of Puerto Rico and a board appointed by the Governor of Puerto Rico and confirmed by the Commonwealth Senate, the fact that WIPR could "sue and be sued" and that it had "been separately incorporated" meant that Eleventh Amendment immunity did not protect it from suit. Our decision was affirmed by the First Circuit. Pastrana-Torres v. Corporación de Puerto Rico para la Difusión Pública, 460 F.3d 124 (2006). The distinctions, if any, that exist between WIPR and PBS are without essential difference: Both are governed by 27 L.P.R.A. § 501 (2002); both are empowered to sue and be sued, enter into contracts, and receive, administer, and comply with the legal conditions attached to gifts, grants, and donations. Therefore, PBS' assertion of the sovereign immunity protection of the Eleventh Amendment fails.

**IV.**

**Conclusion**

For the foregoing reasons, PBS' motion to dismiss, (Docket Nos. 55, 56), is **GRANTED IN PART** and **DENIED IN PART.** Their motion to dismiss Santiago-Ortiz's Sections 1981 and 1983 claims is **GRANTED**. Their motion to dismiss Santiago-Ortiz's Title VII claims is **DENIED**. Because we retain jurisdiction over Santiago-Ortiz's Title VII claims, jurisdiction over her supplemental Puerto Rico law claims remains proper under 28 U.S.C. § 1367.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of December, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE