UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYSSETTE MILAGROS SANTIAGO-ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PUBLIC BROADCASTING SERVICE, et. al.,<br><br>    Defendants. | Civil No. 12-1964 (JAF) |

## **OPINION AND ORDER**

We must decide whether the plaintiff was an independent contractor during the duration of her employment with the defendant.

## **I.**

## **Background**

Lyssette Milagros Santiago-Ortiz sued several defendants connected to her former employer because she says they discriminated against her on the basis of her age, seniority status, gender, and medical condition, in violation of Title VII, 42 U.S.C. §§ 1981 and 1983 and Commonwealth law statutes. She claims the discrimination resulted in her illegal firing. The Public Broadcasting Corporation of Puerto Rico ("PBS") moves to dismiss the complaint. (Docket No. 56.) The defendants, PR PBS, filed a motion to reconsider on the asserted grounds that we failed to address their Title VII defense that Lyssette Santiago-Ortiz was an independent contractor. (Docket No. 78.) In fact, they raised the independent

contractor issue as a defense to Puerto Rico Commonwealth law claims, which we retained through our discretionary authority over pendant claims. We asked the parties for additional briefing on Santiago-Ortiz's hiring status. (Docket Nos. 83 and 86.)

## II.

## **Legal Standard**

**A.   Fed. R. Civ. P. 12(b)(1)**

A defendant may move to dismiss an action against her under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). "When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citation omitted). Under Rule 12(b)(1), there are two types of attacks on jurisdiction: Facial and factual. See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). A facial attack alleges that a complaint insufficiently pleads subject-matter jurisdiction. Id. When reviewing a facial attack, a court takes allegations in the complaint as true, just as in a 12(b)(6) motion to dismiss. Id. A factual attack, by contrast, disputes facts alleged in a complaint that support subject-matter jurisdiction. Id. In that instance, there is no presumptive truthfulness. Id.

**B.   Fed. R. Civ. P. 12(b)(6)**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff.

San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

## III.

### Discussion

The plaintiff's ability to bring claims under Title VII depends upon the status of her employment. In Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1 (1st Cir. 2004), the First Circuit made clear Title VII's definition of an "employee" does not include independent contractors and, therefore, independent contractors may not bring Title VII actions against the entities that hire them. Alberty-Velez, 361 F.3d at 6.

Terms "employer" and "employee" under Title VII are to be defined with reference to common law agency principles. Lopez v. Massachusetts, 588 F.3d 69, 83 (1st Cir. 2009). Courts may look to the guidelines in the EEOC's Compliance Manual to address the question of when a person is an "employee." Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 448-50 (2003). The EEOC guidelines, in their current form, list the following, non-exhaustive factors as indications that "a worker is in an employment relationship with an employer":

> "The employer has the right to control when, where, and how the worker performs the job;" "[t]he work does not require a high level of skill or expertise;" "[t]he work is performed on the employer's premises;" "[t]here is a continuing relationship between the worker and the employer;" "[t]he employer has the right to assign additional projects to the worker;" "[t]he employer sets the hours of work and the duration of the job;" "[t]he worker is paid by the hour, week, or month rather than the agreed cost of performing a particular job;" "[t]he worker does not hire and pay assistants;" "[t]he work performed by the worker is part of the regular business of the employer;" "[t]he employer is in business;" "[t]he worker is not engaged in his/her own distinct occupation or business;" "[t]he employer provides

>       the worker with benefits such as insurance, leave, or workers'
>       compensation;" "[t]he worker is considered an employee of the
>       employer for tax purposes;" "[t]he employer can discharge the
>       worker;" and "[t]he worker and the employer believe that they
>       are creating an employer-employee relationship."

2 Equal Employment Opportunity Comm'n, *EEOC Compliance Manual,* § 2-III, at 5716-17 (2008).

No one factor is determinative, and each factor should be viewed in the context of the particular relationship at issue. See Community for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989); see also N.L.R.B. v. United Ins. Co. of America, 390 U.S. 254, 258 (1968) ("all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.") However, in most situations, the most important factor will be the extent to which the hiring party controls "the manner and means" by which the worker completes her tasks. See, e.g., Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 114 (2nd Cir. 2000); Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 260 (4th Cir. 1997).

Several factors favor classifying Santiago-Ortiz as an employee. First, the method of payment favors classifying Santiago-Ortiz as an employee. Payment for the completion of a specific job or project is the method by which independent contractors are usually compensated. Cf. Creative Non-Violence v. Reid, 490 U.S. 730, 753 (1989)) (quoting Holt v. Winpisinger, 811 F.2d 1532, 1540 (D.C.Cir.1987)). Here, however, Santiago-Ortiz was paid every fifteen days based on a 35-hour work week. Her compensation was not based on the completion of a project, or on the time spent working on a project.

Second, PR PBS controlled the manner and schedule of Santiago-Ortiz's work. Santiago-Ortiz is required to attend daily meetings onsite, where her superiors outline and prioritize the manner and method of her work. Employer "control" over the manner,

location, and hours of work is critical to hiring status analysis. See Cilecek, 115 F.3d at 260 (4th Cir. 1997). Here, this factor favors the conclusion that Santiago-Ortiz is an employee, not an independent contractor.

Third, Santiago-Ortiz's five-year relationship with PR PBS favors classifying her as an employee. Longer periods of employment, while not dispositive, generally suggest employee status. See Reid, 490 U.S. at 730. Santiago-Oritz worked for PR PBS for seven hours a day, five days a week, for five years. She reported daily to the PR PBS facilities, where she attended regularly scheduled meetings and was given direction and supervision on her work. Such facts are distinguishable from the First Circuit precedents in both Speen v. Crown Clothing, Corp.,102 F.3d 625 (1st Cir. 1996), and Dykes v. DePuy, Inc., 140 F.3d 31 (1st Cir. 2008), because in both of those cases, despite their long tenures of employment, the plaintiffs had other factors clearly marking them as independent contractors—they were paid on commission; they were undirected in their daily activities; they reported infrequently to the employer; and they received little oversight from their employers. Those factors made the difference in those cases and are not preset here. Santiago-Ortiz's five-year relationship implies employee status.

Fourth, PR PBS provided the "tools and instrumentalities" necessary for Santiago-Ortiz to perform her job. Santiago-Ortiz works at facilities owned and operated by PR PBS. PR PBS provides Santiago-Ortiz with a computer, desk, and office supplies. PR PBS provides the camera equipment, cameraman, microphones, mobile unit, production assistants, editing machinery, and office supplies that Santiago-Ortiz uses to do her job. These are the most essential tools necessary for her to perform her job, and the fact that PR

Civil No. 12-1964 (JAF)                                                                                            -6-

PBS provided them is further evidence that Santiago-Ortiz works as an employee, rather than as an independent contractor.

Santiago-Ortiz contends that we should consider the Puerto Rico State Insurance Fund's determination that she was an "employee" eligible for worker's compensation. (Docket No. 83 at 12-14.) While it is true that the State Insurance Fund employed the same factors in their analysis, we are not bound by the State Insurance Fund's determination of the issue. See Serapion v. Martinez, 119 F.3d 982, 988-89 (1st Cir. 1997) (concluding individual's status as employee under Puerto Rico law is irrelevant to determining whether individual is employee under Title VII).

PR PBS asserts in their motion to reconsider that Santiago-Ortiz was an independent contractor based on the terminology used in her contract. (Docket No. 86 at 6.) However, the common-law agency factors do not hinge on the terminology used, but rather on the substance of the employment relationship. As already discussed, the substantive factors point toward concluding that Santiago-Ortiz was an employee, not an independent contractor.

PR PBS points to other factors to suggest that Santiago-Ortiz was an independent contractor. For example, PR PBS, relying on Aymes v. Bonelli, 980 F.2d 857 (2nd Cir. 1992), contends that Santiago-Ortiz was free to hire her own assistants. However, Aymes makes clear that the freedom to hire assistants is not relevant if the nature of the work requires the hired party to work alone. Here, there is no indication that Santiago-Ortiz ever availed herself of the freedom to hire her own assistants or that her job as a sports reporter required her to hire assistants. PR PBS suggests that because Santiago-Ortiz worked both on and off premises she should be considered an independent contractor. But Santiago-Ortiz's

primary responsibility as a sports reporter (or "collaborator") was to cover sports contests—none of which occurred on PR PBS' premises.

While no one factor is dispositive, it is clear, based on the parties' representations of their relationship, that a reasonable fact finder could only conclude that Santiago-Ortiz was an employee of PR PBS. The manner in which Santiago-Ortiz was compensated for her work, the length of her tenure, the provision of resources used in her work, and the control over her work exercised by PR PBS all indicate employee status. Accordingly, we conclude that Santiago-Ortiz was an employee as a matter of law and, therefore, can maintain a Title VII action against PR PBS.

## IV.

## Conclusion

For the foregoing reasons, PR PBS' motion to dismiss Santiago-Ortiz's Title VII claims, (Docket No. 86), is **DENIED**. Because we retain jurisdiction over Santiago-Ortiz's Title VII claims, jurisdiction over her supplemental Puerto Rico law claims remains proper under 28 U.S.C. § 1367.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of February, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE