1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO
3
4

LYSSETTE MILAGROS SANTIAGO-
ORTIZ,

     Plaintiff,                                    Civil No. 12-1964 (JAF)

     v.

PUBLIC BROADCASTING SERVICE,
et. al.,

     Defendants.

5
6

7   **OPINION AND ORDER**

8   We must decide whether the plaintiff was an independent contractor during the

9   duration of her employment with the defendant.

10   **I.**
11
12   **Background**
13
14   Lyssette Milagros Santiago-Ortiz sued several defendants connected to her former

15   employer because she says they discriminated against her on the basis of her age, seniority

16   status, gender, and medical condition, in violation of Title VII, 42 U.S.C. §§ 1981 and 1983

17   and Commonwealth law statutes.  She claims the discrimination resulted in her illegal firing.

18   The Public Broadcasting Corporation of Puerto Rico ("PBS") moves to dismiss the

19   complaint.  (Docket No. 56.)  The defendants, PR PBS, filed a motion to reconsider on the

20   asserted grounds that we failed to address their Title VII defense that Lyssette Santiago-Ortiz

21   was an independent contractor.  (Docket No. 78.)  In fact, they raised the independent

1    contractor issue as a defense to Puerto Rico Commonwealth law claims, which we retained

2    through our discretionary authority over pendant claims.  We asked the parties for additional

3    briefing on Santiago-Ortiz's hiring status.  (Docket Nos. 83 and 86.)

**II.**

**Legal Standard**

8    **A.**    **Fed. R. Civ. P. 12(b)(1)**

9           A defendant may move to dismiss an action against her under Federal Rule of Civil

10    Procedure 12(b)(1) for lack of federal subject matter jurisdiction.  See Fed.R.Civ.P. 12(b)(1).

11    "When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party

12    invoking the jurisdiction of a federal court carries the burden of proving its existence.'"

13    Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citation omitted).  Under Rule

14    12(b)(1), there are two types of attacks on jurisdiction: Facial and factual.  See Torres-

15    Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007).  A facial attack alleges

16    that a complaint insufficiently pleads subject-matter jurisdiction.  Id.  When reviewing a

17    facial attack, a court takes allegations in the complaint as true, just as in a 12(b)(6) motion to

18    dismiss.  Id.  A factual attack, by contrast, disputes facts alleged in a complaint that support

19    subject-matter jurisdiction.  Id.  In that instance, there is no presumptive truthfulness.  Id.

20    **B.**    **Fed. R. Civ. P. 12(b)(6)**

21           A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to

22    establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S.

23    662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing

24    a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all

25    non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff.

1  San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012)

2  (citation omitted).

3                                                   **III.**
4
5                                            **Discussion**
6
7        The plaintiff's ability to bring claims under Title VII depends upon the status of her

8  employment.  In Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361

9  F.3d 1 (1st Cir. 2004), the First Circuit made clear Title VII's definition of an "employee"

10 does not include independent contractors and, therefore, independent contractors may not

11 bring Title VII actions against the entities that hire them.  Alberty-Velez, 361 F.3d at 6.

12       Terms "employer" and "employee" under Title VII are to be defined with reference to

13 common law agency principles.  Lopez v. Massachusetts, 588 F.3d 69, 83 (1st Cir. 2009).

14 Courts may look to the guidelines in the EEOC's Compliance Manual to address the question

15 of when a person is an "employee."  Clackamas Gastroenterology Associates, P.C. v. Wells,

16 538 U.S. 440, 448-50 (2003).  The EEOC guidelines, in their current form, list the following,

17 non-exhaustive factors as indications that "a worker is in an employment relationship with an

18 employer":

19                    "The employer has the right to control when, where, and how
20                    the worker performs the job;" "[t]he work does not require a
21                    high level of skill or expertise;" "[t]he work is performed on the
22                    employer's premises;" "[t]here is a continuing relationship
23                    between the worker and the employer;" "[t]he employer has the
24                    right to assign additional projects to the worker;" "[t]he
25                    employer sets the hours of work and the duration of the job;"
26                    "[t]he worker is paid by the hour, week, or month rather than the
27                    agreed cost of performing a particular job;" "[t]he worker does
28                    not hire and pay assistants;" "[t]he work performed by the
29                    worker is part of the regular business of the employer;" "[t]he
30                    employer is in business;" "[t]he worker is not engaged in his/her
31                    own distinct occupation or business;" "[t]he employer provides

1           the worker with benefits such as insurance, leave, or workers'
2           compensation;" "[t]he worker is considered an employee of the
3           employer for tax purposes;" "[t]he employer can discharge the
4           worker;" and "[t]he worker and the employer believe that they
5           are creating an employer-employee relationship."

6

7    2 Equal Employment Opportunity Comm'n, *EEOC Compliance Manual,* § 2-III, at 5716-17

8    (2008).

9        No one factor is determinative, and each factor should be viewed in the context of the

10    particular relationship at issue.  See Community for Creative Non-Violence v. Reid, 490 U.S.

11    730, 752 (1989); see also N.L.R.B. v. United Ins. Co. of America, 390 U.S. 254, 258 (1968)

12    ("all of the incidents of the relationship must be assessed and weighed with no one factor

13    being decisive.")  However, in most situations, the most important factor will be the extent to

14    which the hiring party controls "the manner and means" by which the worker completes her

15    tasks.  See, e.g., Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 114 (2nd

16    Cir. 2000); Cilecek v. Inova Health Sys. Servs., 115 F.3d 256, 260 (4th Cir. 1997).

17        Several factors favor classifying Santiago-Ortiz as an employee.  First, the method of

18    payment favors classifying Santiago-Ortiz as an employee.  Payment for the completion of a

19    specific job or project is the method by which independent contractors are usually

20    compensated. Cf. Creative Non-Violence v. Reid, 490 U.S. 730, 753 (1989)) (quoting Holt

21    v. Winpisinger, 811 F.2d 1532, 1540 (D.C.Cir.1987)).  Here, however, Santiago-Ortiz was

22    paid every fifteen days based on a 35-hour work week.  Her compensation was not based on

23    the completion of a project, or on the time spent working on a project.

24        Second, PR PBS controlled the manner and schedule of Santiago-Ortiz's work.

25    Santiago-Ortiz is required to attend daily meetings onsite, where her superiors outline and

26    prioritize the manner and method of her work.  Employer "control" over the manner,

Civil No. 12-1964 (JAF)                                                                    -5-

1   location, and hours of work is critical to hiring status analysis.  See Cilecek, 115 F.3d at 260

2   (4th Cir. 1997).  Here, this factor favors the conclusion that Santiago-Ortiz is an employee,

3   not an independent contractor.

4          Third, Santiago-Ortiz's five-year relationship with PR PBS favors classifying her as

5   an employee.  Longer periods of employment, while not dispositive, generally suggest

6   employee status.  See Reid, 490 U.S. at 730.  Santiago-Oritz worked for PR PBS for seven

7   hours a day, five days a week, for five years.  She reported daily to the PR PBS facilities,

8   where she attended regularly scheduled meetings and was given direction and supervision on

9   her work.  Such facts are distinguishable from the First Circuit precedents in both Speen v.

10  Crown Clothing, Corp.,102 F.3d 625 (1st Cir. 1996), and Dykes v. DePuy, Inc., 140 F.3d 31

11  (1st Cir. 2008), because in both of those cases, despite their long tenures of employment, the

12  plaintiffs had other factors clearly marking them as independent contractors—they were paid

13  on commission; they were undirected in their daily activities; they reported infrequently to

14  the employer; and they received little oversight from their employers.  Those factors made

15  the difference in those cases and are not preset here.  Santiago-Ortiz's five-year relationship

16  implies employee status.

17         Fourth, PR PBS provided the "tools and instrumentalities" necessary for Santiago-

18  Ortiz to perform her job.  Santiago-Ortiz works at facilities owned and operated by PR PBS.

19  PR PBS provides Santiago-Ortiz with a computer, desk, and office supplies.  PR PBS

20  provides the camera equipment, cameraman, microphones, mobile unit, production

21  assistants, editing machinery, and office supplies that Santiago-Ortiz uses to do her job.

22  These are the most essential tools necessary for her to perform her job, and the fact that PR

1  PBS provided them is further evidence that Santiago-Ortiz works as an employee, rather than

2  as an independent contractor.

3         Santiago-Ortiz contends that we should consider the Puerto Rico State Insurance

4  Fund's determination that she was an "employee" eligible for worker's compensation.

5  (Docket No. 83 at 12-14.) While it is true that the State Insurance Fund employed the same

6  factors in their analysis, we are not bound by the State Insurance Fund's determination of the

7  issue.   See Serapion v. Martinez, 119 F.3d 982, 988-89 (1st Cir. 1997) (concluding

8  individual's status as employee under Puerto Rico law is irrelevant to determining whether

9  individual is employee under Title VII).

10        PR PBS asserts in their motion to reconsider that Santiago-Ortiz was an independent

11 contractor based on the terminology used in her contract.  (Docket No. 86 at 6.)  However,

12 the common-law agency factors do not hinge on the terminology used, but rather on the

13 substance of the employment relationship.   As already discussed, the substantive factors

14 point  toward  concluding  that  Santiago-Ortiz  was  an  employee,  not  an  independent

15 contractor.

16        PR PBS points to other factors to suggest that Santiago-Ortiz was an independent

17 contractor.  For example, PR PBS, relying on Aymes v. Bonelli, 980 F.2d 857 (2nd Cir.

18 1992), contends that Santiago-Ortiz was free to hire her own assistants.  However, Aymes

19 makes clear that the freedom to hire assistants is not relevant if the nature of the work

20 requires the hired party to work alone.  Here, there is no indication that Santiago-Ortiz ever

21 availed herself of the freedom to hire her own assistants or that her job as a sports reporter

22 required her to hire assistants.  PR PBS suggests that because Santiago-Ortiz worked both on

23 and off premises she should be considered an independent contractor.  But Santiago-Ortiz's

Civil No. 12-1964 (JAF)                                                                      -7-

1  primary responsibility as a sports reporter (or "collaborator") was to cover sports contests—

2  none of which occurred on PR PBS' premises.

3        While no one factor is dispositive, it is clear, based on the parties' representations of

4  their relationship, that a reasonable fact finder could only conclude that Santiago-Ortiz was

5  an employee of PR PBS.  The manner in which Santiago-Ortiz was compensated for her

6  work, the length of her tenure, the provision of resources used in her work, and the control

7  over her work exercised by PR PBS all indicate employee status.  Accordingly, we conclude

8  that Santiago-Ortiz was an employee as a matter of law and, therefore, can maintain a Title

9  VII action against PR PBS.

10                                              **IV.**

12                                          **<u>Conclusion</u>**

14        For the foregoing reasons, PR PBS' motion to dismiss Santiago-Ortiz's Title VII

15  claims, (Docket No. 86), is **DENIED.**  Because we retain jurisdiction over Santiago-Ortiz's

16  Title VII claims, jurisdiction over her supplemental Puerto Rico law claims remains proper

17  under 28 U.S.C. § 1367.

18        **IT IS SO ORDERED.**

19        San Juan, Puerto Rico, this 4th day of February, 2014.

20                                              <u>S/José Antonio Fusté</u>
21                                              JOSE ANTONIO FUSTE
22                                              U. S. DISTRICT JUDGE