THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LYSSETTE MILAGROS SANTIAGO-ORTÍZ,**

    **Plaintiff,**

    v.

**PUERTO RICO CORPORATION FOR PUBLIC BROADCASTING, et al.,**

    **Defendants.**

**Civil No. 12-1964 (ADC)**

**OPINION AND ORDER**

Plaintiff Lyssette Milagros Santiago-Ortíz ("Santiago") has timely moved the Court, pursuant to Federal Rule of Civil Procedure 59(e), to vacate its September 30, 2016 judgment, granting summary judgment to defendant Puerto Rico Corporation for Public Broadcasting ("Public Broadcasting") on all of her claims, both federal and local, and dismissing her action in its entirety. **ECF No. 214**. The Court now denies the motion for the following reasons.

"Rule 59(e) relief is granted sparingly, and only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Fontanillas-López* v. *Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 55 (1st Cir. 2016) (internal quotation marks omitted) (quoting *Biltcliffe* v. *CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). As the Court of Appeals has "held time and again, . . . a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new

evidence or advance arguments that could and should have been presented to the district court prior to judgment.'"  *Quality Cleaning Prods. R.C., Inc.* v. *SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (quoting *Emmanuel* v. *Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)).

In her Rule 59(e) motion, Santiago challenges the Court's judgment on two grounds. First, she faults the Court for enforcing its anti-ferret rule, Local Civil Rule 56(e), against her. **ECF No. 214** at 2-13.  Although she admits that she "failed to comply" with the anti-ferret rule and that the Court, thus, had the right to enforce the rule against her, she claims that the Court "should have given [her, instead,] an opportunity to properly [controvert] the facts [in Public Broadcasting's supporting statement of material facts]."  *Id*. at 7, 12.  Second, she criticizes the Court for granting summary judgment on her local-law claims, after it had granted summary judgment on her federal-law claims.  *Id*. at 14-20.  Although she admits that the Court had the "power to adjudicate [her] state-law claims," she argues that, in federal-question cases like her own, "the general rule is that state claims should be dismissed without prejudice" instead.  *Id*. at 18, 20.  The Court finds that Santiago's arguments are unavailing.

Santiago cannot complain that the Court enforced Local Civil Rule 56(e) against her.  As she readily admits, her response to the summary-judgment motion "failed to comply" with the procedures established in Local Civil Rule 56(c).  *See* **ECF No. 214** at 7.  And, "Rule 56(e) sets forth in mandatory terms the result of failure to follow Rule 56(c): 'Facts contained in a

supporting or opposing statement of material facts, if supported by record citations as required by this rule, *shall be deemed admitted unless properly controverted.*'" *CMI Capital Mkt. Inv., LLC* v. *González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008) (emphasis in original) (quoting L.Cv.R. 56(e)). As the Court observed in its Order granting summary judgment, "[p]arties ignore the strictures of [this] 'anti-ferret' rule at their peril." **ECF No. 212** at 9 (final alteration in original) (quoting *P.R. Am. Ins. Co.* v. *Rivera-Vazquez*, 603 F.3d 125, 131 (1st Cir. 2010)). Although she now wishes that the Court had ignored the language of Rule 56(e) and granted her a second opportunity to properly controvert the facts in Public Broadcasting's supporting statement, the Court did not err in doing what Rule 56(e) required it to do. In any event, as noted above, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures.'" *Quality Cleaning Prods. R.C., Inc.*, 794 F.3d at 208 (quoting *Emmanuel*, 426 F.3d at 422).

Similarly, Santiago cannot complain that the Court erred by doing what she admits it had the "power" to do – "adjudicate [her] state-law claims after it ha[d] dismissed the federal claims that originally invoked its jurisdiction." **ECF No. 214** at 18; *see also* 28 U.S.C. § 1367(a). It is settled law that, in a federal-question case, a court may grant summary judgment on local-law claims even after it has granted judgment on the federal-law claims, especially when, as here, the summary-judgment record that was properly cited to the court did not show that the non-movant had suffered actionable injury. *See, e.g., Lang* v. *Wal-Mart Stores E., L.P.*, 813 F.3d 447, 454, 458 (1st Cir. 2016); *Delgado* v. *Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012). As the

Court noted in its Order granting summary judgment, Santiago not only failed to oppose Public Broadcasting's arguments in favor of summary judgment on her local-law claims, but she also agreed with Public Broadcasting that her local-law claims were coterminous with her federal-law claims. **ECF No 212** at 28. Although she now wishes that the Court had ignored her failure to successfully oppose summary judgment and dismissed her local-law claims without prejudice, the Court did not err in doing what even she admits it had the power to do.

In sum, the Court **DENIES** Santiago's Rule 59(e) motion, **ECF No. 214,** because she has failed to identify any error in the Court's judgment, **ECF No. 213**, let alone a manifest error, *see Venegas-Hernández* v. *Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (a 'manifest error,' in the Rule 59(e) context, is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law") (quoting Black's Law Dictionary 563 (7th ed. 1999)).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 2nd day of March, 2017.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **Chief United States District Judge**